UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Max Gray Construction, Inc.; and<br>Cincinnati Insurance Companies,<br><br>                    Plaintiffs,<br><br>v.<br><br>West Bend Mutual Insurance; Louhi &<br>Kivela Masonry; Thomas Breiwick; and<br>AmTrust North America;<br><br>                    Defendants. | Case No. 23-CV-_____ (___/___)<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant West Bend Mutual Insurance Company, incorrectly identified in Plaintiffs' Complaint as West Bend Mutual Insurance, hereby removes this action from the District Court for the County of St. Louis, Sixth Judicial District, State of Minnesota to the United States District Court for the District of Minnesota. In support of its removal of this action to federal court, West Bend states and alleges as follows:

1. On or about May 1, 2023, Plaintiffs Max Gray Construction, Inc. and Cincinnati Insurance Companies commenced this action against West Bend and three other Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in the District Court for the County of St. Louis, State of Minnesota, Sixth Judicial District, by serving them with a Summons and Complaint. A true and correct copy of the Summons and Complaint for Declaratory Judgment that was served on West Bend is attached hereto as Exhibit 1 and incorporated herein by reference.

2. On information and belief, Plaintiffs have not yet filed this action in St. Louis County District Court.

3. This is an insurance-coverage action in which Plaintiffs primarily seek a declaration that West Bend has a duty to defend and indemnify Max Gray under an insurance policy West Bend issued to Louhi & Kivela Masonry Inc. (the "West Bend Policy") in connection with the claims asserted against Max Gray in a lawsuit pending in the District Court for the County of St. Louis, Sixth Judicial District, State of Minnesota, captioned *Thomas Breiwick v. Max Gray Construction, Inc. v. Louhi & Kivela Masonry*, Case No. 69HI-CV-21-374 (the "Underlying Lawsuit").

4. Plaintiffs' Complaint for Declaratory Judgment in this action asserts a single cause of action against West Bend for Declaratory Judgment, seeking a declaration that West Bend has a duty to defend and indemnify Plaintiffs in connection with any claims asserted in the Underlying Lawsuit. *See* Ex. 1 at ¶¶ 14-16 and Prayer for Relief. Plaintiffs' Complaint does not assert any claims against Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America or seek any relief from or with respect to those parties. *See generally id.* On information and belief, Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America are merely named as Defendants because Plaintiffs believe they have interests in the outcome of this action. However, the sole issue in this action is whether Max Gray is entitled to coverage under the West Bend Policy in connection with the claims asserted against it the Underlying Lawsuit, an issue on which the interests of Plaintiffs and any interests of Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in this action

are aligned. There is thus no actual or substantial controversy between Plaintiffs and Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in this action such that Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America are more properly aligned with Plaintiffs in this action.

5. Besides Plaintiffs' Summons and Complaint for Declaratory Judgment (Exhibit 1), West Bend has not been served with any other process, pleadings, or orders in this action.

6. When Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America are properly realigned as Plaintiffs, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 USC § 1332, and is one that may be properly removed to this Court pursuant to the provisions of 28 USC §§ 1441(a) and 1446, in that the controversy is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs:

    a. Upon information and belief, Plaintiff Max Gray Construction, Inc. is a citizen of the State of Minnesota in that it is corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.

    b. Upon information and belief, Plaintiff Cincinnati Insurance Companies is a citizen of the State of Ohio in that it is corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

  c. Upon information and belief, Defendant Louhi & Kivela Masonry is a citizen of the State of Minnesota in that it is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.

  d. Upon information and belief, Defendant Thomas Breiwick is also a citizen of the State of Minnesota.

  e. Upon information and belief, Defendant AmTrust North America is a citizen of the States of Delaware and New York in that it is corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York.

  f. West Bend is not a citizen of the same State as any other part to this action as it is a Wisconsin corporation with its principal place of business in Wisconsin.

  g. Although included as Defendants in this action, there is no actual or substantial controversy existing between Plaintiffs and Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in this action, and thus Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America must be realigned as Plaintiffs for purposes of determining whether diversity jurisdiction exists. *See City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69, 62 S.Ct. 15, 17 (1941) (noting that federal courts have a duty "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." (internal quotation marks omitted));

4

*Interlachen Props., LLC v. State Auto Ins. Co.*, 136 F. Supp. 3d 1061, 1067 (D. Minn. 2015) (recognizing that in deciding whether to realign the parties, the Eighth Circuit applies the "actual and substantial conflict" test, which asks whether there is "any actual and substantial conflict existing between the parties as aligned." (quoting *Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866, 870-71 (8th Cir. 1966))); *see also Order of St. Benedict v. St. Paul Mercury Ins. Co.*, No. 17CV781(DSD/KMM), 2017 WL 1476121, at *2-3 (D. Minn. Apr. 25, 2017) (same). Plaintiffs do not assert a cause of action against or seek any relief from Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in this action. Rather, the sole issue in this action with respect to Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America is whether Max Gray has coverage under the West Bend Policy, an issue on which the interests of Plaintiffs and Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America are fully aligned. And there is no danger of an actual and substantial conflict arising between Plaintiffs and Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America in this action since Defendants Louhi & Kivela Masonry and Thomas Breiwick are parties to the Underlying Lawsuit, and AmTrust North America's subrogation interest is automatically asserted as part of Defendant Thomas Breiwick's claims in the Underlying Lawsuit.

  h. Alternatively, the citizenship of Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America should be disregarded because they fraudulently joined and/or because they are nominal defendants.

  i. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, given:

    i. This action is an insurance-coverage action in which Plaintiffs seek insurance coverage, including both a defense and indemnity, with respect to the Underlying Lawsuit, which has been pending since January 2021, *see* Ex. 1 at Ex. A;

    ii. In the Underlying Lawsuit, Defendant Thomas Breiwick seeks damages in excess of $50,000.00, *see* Ex. 1 at ¶ 9 and Ex. A, which Plaintiffs contend are amounts covered under the West Bend Policy and therefore recoverable from West Bend in this action;

    iii. Plaintiffs' Complaint in this action further alleges that Defendant Thomas Breiwick has received Workers' Compensation Benfits from Defendant AmTrust North America in the amount of $274,837.76, *see* Ex. 1 at ¶ 1; and

    iv. Plaintiffs in this action have incurred defense costs in connection with the Underlying Lawsuit, which Plaintiffs also contend are amounts covered under the West Bend Policy and therefore recoverable from West Bend in this action.

7. The United States District Court for the District of Minnesota is the District Court for the district embracing the entire State of Minnesota, including St. Louis County where this action is currently pending. *See* 28 U.S.C. § 103. Venue is therefore proper in this district pursuant to 28 U.S.C. § 1441(a).

8. This Notice of Removal is being timely filed under 28 U.S.C. § 1446(b) and (c) in that it is being filed within thirty (30) days after Plaintiffs' commencement of this action against West Bend.

9. Because Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America are subject to realignment, West Bend was not required to obtain their joinder in or consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

10. Promptly after filing of this Notice of Removal, West Bend will cause a copy thereof to be filed with the State Court and cause written notice of this Notice of Removal to be served on Plaintiffs and Defendants Louhi & Kivela Masonry, Thomas Breiwick, and AmTrust North America. A true and correct copy of West Bend's Notice of Filing of Notice of Removal being served upon the other parties and being filed with the State Court is attached as Exhibit 2.

11. West Bend has paid the required filing fee and is filing a Civil Cover Sheet simultaneously herewith.

12. West Bend has a good and sufficient defense to the action.

13. West Bend makes no admission of liability by this Notice and expressly reserves the right to raise all defenses and objections to Plaintiffs' claims after this action

is removed to the above Court, including, without limitation, any objections to the merits and sufficiency of Plaintiffs' pleadings.

14. For these reasons, this action may be removed to this Court under 28 USC § 1446(a).

**WHEREFORE**, Defendant West Bend Mutual Insurance Company, incorrectly identified in Plaintiffs' Complaint as West Bend Mutual Insurance, prays that the action currently pending in the District Court for the County of St, Louis, Sixth Judicial District, State of Minnesota, and all further proceedings in this action be conducted in the United States District Court for the District of Minnesota as provided by law.

Respectfully submitted,

O'MEARA WAGNER, P.A.

Dated: May 31, 2023.         By: *s/ Lance D. Meyer*
Lance D. Meyer (# 0393073)
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
Telephone: (952) 831-6544
E-Mail: LDMeyer@OLWKlaw.com

*Attorneys for Defendant West Bend Mutual Insurance Company, incorrectly identified in Plaintiffs' Complaint as West Bend Mutual Insurance*